## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **STACEY MINOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **AMERICA'S CAR MART, INC.** | ) | |
| <u>**Serve registered agent at**</u>**:** | ) | |
| **CSC-Lawyers Incorporating** | ) | **JURY TRIAL DEMANDED** |
| **Service Company** | ) | |
| **221 Bolivar Street** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Stacey Minor, by and through the undersigned counsel and states and alleges as follows for her Complaint against the above-named Defendant:

## INTRODUCTION

1.     Plaintiff, while an employee of Defendant America's Car Mart, Inc. ("Defendant"), was subjected to unlawful harassment because of her sex and unlawful retaliation because she opposed sexual harassment, in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq. ("MHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Even after Defendant learned about the sex-based harassment, it was negligent in preventing such harassment and/or in taking prompt remedial measures to stop or remedy such harassment.

2.     Plaintiff seeks compensatory and punitive damages and equitable relief against Defendant.

## PARTIES

3.      Plaintiff is and, at all times relevant to the allegations contained herein, was a Missouri resident and citizen.

4.      Upon information and belief, Defendant America's Car Mart, Inc. ("Defendant") is a corporation incorporated under the laws of Arkansas, with its principal place of business located in Arkansas.

5.      Defendant is registered to do business in Missouri and is conducting business in Missouri.

6.      Upon information and belief, at all times relevant to the allegations contained herein, Defendant was an employer within the meaning of § 213.010 of the MHRA, in that it was engaged in an industry affecting commerce and had six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

7.      Upon information and belief, at all times relevant to the allegations contained herein, Defendant was an entity and an employer, as defined by Title VII, in that it was a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8.      Defendant is an entity which acts through agents and/or employees. It is liable for the conduct of its agents and/or employees acting within the course and scope of their agency and/or employment, its own negligence, the acts of its agents and/or employees which it knowingly ratifies, injuries incurred by agents' and/or employees' performance of its non-delegable duties, acts done by agents and/or employees for which the agency and/or employment relationship allows or assists the agent and/or employee to perform, and acts its agents and/or employees take by virtue of their position with Defendant.

2

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise out of federal laws – Title VII.

10.     This Court has diversity-based subject-matter jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states, as alleged herein, and the amount of controversy, including compensatory and punitive damage, equitable relief and attorneys' fees exceeds $75,000.

11.     In addition and/or in the alternative, this Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the discriminatory and retaliatory conduct alleged herein occurred in this District, making this Court the appropriate forum.

13.     Further, on information and belief, Defendant is subject to specific personal jurisdiction in this Court because it is registered to do business in Missouri, conducts ongoing and substantial business in Missouri, and committed unlawful and tortious acts in Missouri, as alleged herein.

## CONDITIONS PRECEDENT

14.     On or about October 22, 2019, Plaintiff timely filed her Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging sex-based discrimination and retaliation against Defendant. The Charge was assigned No. E-10/19-51550; 28E-2020-00098C. *A copy of the Charge is attached hereto as* **Exhibit A** *and incorporated herein by reference.*

3

15.     On or about May 12, 2020, the MCHR issued Plaintiff a Notice of Right to Sue based on Charge E-10/19-51550; 28E-2020-00098C. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit B** and incorporated herein by reference.*

16.     On or about August 7, 2020, the EEOC issued Plaintiff a Notice of Right to Sue based on Charge 28E-2020-00098C. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit C** and incorporated herein by reference.*

17.     This action is timely filed within ninety (90) days of the issuance of the Notices of Right to Sue (attached as Exhibits B and C).

18.     Plaintiff has met all the conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a female.

20.     Starting on or about April 23, 2019 Plaintiff was employed as an office assistant by Defendant.

21.     Throughout Plaintiff's employment, she found the office environment to be hostile.

22.     The Office Manager was constantly talking about her sex life, including by making comment like this: "I was blowing a guy and I choked on his dick and I puked on him."

23.     During Plaintiff's employment with Defendant, Plaintiff met the Assistant Manager's husband, TJ Zachery, when he came into the office.

24.     After this, Mr. Zachery sent Plaintiff a friend request on Facebook and followed it up with a message, saying: "I know im married to lorena but I think your sexy af please don't think im an ass for saying I just had to lol."

25.     After receiving this message, Plaintiff showed it to the General Manager.

4

26.     Plaintiff complained about the harassment and/or hostile work environment she experienced to the General Manager several times.

27.     The General Manager replied that they did not want to have to walk around on eggshells and that Plaintiff needed to lighten up.

28.     Upon information and belief, no action was taken to stop harassment or improve the work environment.

29.     Two days before Plaintiff's termination, the General and Assistant Managers told Plaintiff that she had "a resting bitch face."

30.     On or about July 26, 2019, Plaintiff's coworkers were spraying an adhesive remover in the store, even though the label on the remover said "Do not spray indoors."

31.     Because of the fumes from the spray, Plaintiff and several of her coworkers started feeling sick.

32.     When Plaintiff asked her co-workers spraying the remover to stop, one of them started screaming at her.

33.     Plaintiff left the store and drove home.

34.     The General Manager called Plaintiff and told her that she abandoned the job and that he was tired of Plaintiff's drama.

35.     Plaintiff was terminated that day.

## COUNT I
### MHRA
### Sexual Harassment/ Hostile Work Environment/ Discrimination
### in violation of Mo. Rev. Stat. § 213.055

36.     Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

37.     Plaintiff is a member of the protected class based on her female sex.

38.     During her employment with Defendant, Plaintiff was subjected to discrimination in the form of harassment and/or hostile work environment based on her sex, which included but was not limited to, inappropriate sex-based comments, from the General Manager, Assistant Managers, the office manager, and Assistant Manager's husband, as alleged herein.

39.     Plaintiff's female sex was a motivating factor in the harassing conduct she suffered.

40.     The unwelcome harassment was sufficiently severe and/or pervasive as to alter the conditions of Plaintiff's employment and create an abusive, hostile, intimidating and offensive working environment because of her sex.

41.     The harassment was subjectively intimidating and/or offensive to Plaintiff and would have been so intimidating and/or offensive to a reasonable person.

42.     This unwelcome harassment adversely affected Plaintiff's terms, conditions, and privileges of her employment in that she was terminated.

43.     Defendant had actual and/or constructive notice of said unlawful conduct and failed to take prompt action to prevent or correct the harassment and/or hostile work environment.

44.     As a direct and proximate result of Defendant's conduct described herein Plaintiff sustained degradation, pain, anguish, anxiety, and distress.

45.     By failing to take prompt measures to stop the offensive conduct when it was first made known, and/or prevent offensive conduct from occurring, Defendant exacerbated the sex-based hostile environment and discrimination in Plaintiff's workplace.

46.     The actions and conduct of Defendant set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff,

6

and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for a judgment against Defendant America's Car Mart, Inc. on Count I of her Complaint, for a finding that she has been subjected to unlawful conduct prohibited by Mo. Rev. Stat. § 213.055; for an award of compensatory damages, including back pay and emotional distress; for punitive damages; for reinstatement or front pay, for her costs expended; for her reasonable attorneys' fees; for pre-judgment and post-judgment interest, and for other and further relief the Court deems just and proper.

**COUNT II**
**MHRA**
**Retaliation in Violation of Mo. Rev. Stat. § 213.070**

47.     Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

48.     Plaintiff engaged in an activity protected under the MHRA by opposing the unwelcome sexual harassment and/or hostile work environment, as alleged herein, and by complaining about such conduct to Defendant's General Manager.

49.     Because of Plaintiff's protected activity, Defendant retaliated against Plaintiff by failing to investigate her complaints, or take any corrective or remedial action to stop or prevent the harassment and by ultimately terminating her.

50.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered pain, anguish, anxiety and distress.

51.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter

7

Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant America's Car Mart on Count II of her Complaint; for a finding that she has been subjected to unlawful conduct prohibited by Mo. Rev. Stat. § 213.010 et seq.; for an award of compensatory damages, including back pay and emotional distress; for punitive damages; for reinstatement or front pay; for her costs expended; for her reasonable attorneys' fees; for pre-judgment and post-judgment interest, and for other and further relief the Court deems just and proper.

**COUNT III**
**Title VII – Sex Discrimination/ Harassment / Hostile Work Environment**
**42 U.S.C. § 2000e et seq.**

52.     Plaintiff incorporates by reference all other allegations of this Complaint as if fully set forth herein.

53.     Plaintiff was a member of the protected class based on her female sex.

54.     During her employment with Defendant, Plaintiff was subjected to discrimination in the form of harassment and/or hostile work environment based on her sex, which included but were not limited to, inappropriate sex-based comments, from the General Manager, Assistant Managers, the office manager, and Assistant Manager's husband, as alleged herein.

55.     The unwelcome sexual harassment was sufficiently severe and/or pervasive as to alter the conditions of Plaintiff's employment and create an abusive, hostile, intimidating and offensive working environment because of her sex or had the effect of unreasonably interfering with Plaintiff's work performance.

56.     The harassment was subjectively intimidating and/or offensive to Plaintiff and would have been so intimidating and/or offensive to a reasonable person.

57.     Plaintiff's female sex was a motivating factor in the harassing conduct she suffered.

58.     Management-level employees of Defendant, including but not limited to the

8

General Manager and Assistant Managers, knew or should have known of the sexual harassment described herein, but failed to implement effective and appropriate corrective and/or remedial procedures to stop and remedy the sex-based discrimination and harassment.

59.     By failing to take prompt remedial actions after learning about the offensive sexual conduct when it was first made known, Defendant exacerbated the sexually hostile environment and sexual discrimination in Plaintiff's workplace.

60.     The unwelcome sexual harassment adversely affected the terms, conditions, and privileges of Plaintiff's employment in that she was terminated or constructively discharged.

61.     Defendant's unlawful conduct described herein directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

62.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant America's Car Mart, Inc. on Count III of her Complaint; for a finding that she has been subjected to unlawful discrimination and harassment prohibited by 42 U.S.C. §2000e et seq.; for an award of compensatory and punitive damages; equitable relief, in the form of reinstatement or front pay; for her costs expended; for her reasonable attorneys' fees and expert fees as provided by 42 U.S.C. § 2000e-5(k); and for such other relief as this Court deems just and proper.

**COUNT IV**
**Title VII – Retaliation**
**42 U.S.C. § 2000e et seq.**

9

63.     Plaintiff incorporates by reference all other allegations of this Complaint as if fully set forth herein.

64.     Plaintiff engaged in protected activity by reporting inappropriate sex-based harassment to Defendant's General Manager.

65.     Defendant retaliated against Plaintiff by reason of her opposition to unlawful sex-based discrimination/harassment, by failing to properly address, investigate, correct and/or remedy Plaintiff's complaints of discrimination/harassment and ultimately terminating her.

66.     Defendant violated federal law which provides prohibits retaliation for opposing unlawful sex discrimination/harassment.

67.     At the time Defendant retaliated against Plaintiff, Defendant knew such retaliation was unlawful.

68.     Defendant's retaliatory actions against Plaintiff have caused her damages, including but not limited to lost wages (past and future), and emotional distress.

69.     The actions and conduct set forth herein were outrageous and showed an evil motive, reckless indifference, or conscious disregard for Plaintiff's rights, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant America's Car Mart, Inc. on Count IV of her Complaint, for a finding that she has been subjected to unlawful retaliation prohibited by 42 U.S.C. §2000e et seq.; for an award of compensatory and punitive damages; equitable relief, in the form of reinstatement or front pay; for her costs expended; for her reasonable attorneys' fees provided by 42 U.S.C. § 2000e-5k, and for such other relief as this Court deems just and proper.

## COUNT V
**Negligence**

70.     Plaintiff incorporates by reference all other allegations of this Complaint as if fully set forth herein.

71.     Defendant had a duty to supervise its employees and/or agents and to monitor the working environment of its employees and, when a dangerous condition had been made known to it, to remedy the condition or situation before returning its employees back to working in that environment.

72.     Defendant negligently failed to monitor the environment, in which it made Plaintiff work, and/or to correct a dangerous condition in that environment once it was made aware the condition existed.

73.     As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered and will continue to suffer pain and suffering, and mental anguish and garden variety emotional distress.

74.     At all times mentioned herein, Defendant's General Manager and Assistant Managers were agents, servants and/or employees of Defendant and were at all such times acting within the course and scope of their agency and/or employment, or their actions were expressly authorized or ratified by Defendant and are thus imputed to Defendant by the doctrine of *respondeat superior*. Therefore, Defendant is liable for the actions of Defendant General Manager and Assistant Managers and/or other agents and/or employees under all theories pleaded herein.

75.     The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Plaintiff, and therefore she is entitled to punitive damages from Defendant, to punish it and to deter it and others from engaging in like conduct in the future.

11

WHEREFORE, Plaintiff prays for judgment against Defendant America's Car Mart, Inc. on Count V of her Complaint, for a finding that Defendant was negligent; for an award of compensatory and punitive damages; for her costs expended; and for such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts alleged herein.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: */s/ Kathleen E. Mannion*
Kathleen E. Mannion, MO Bar# 63992
Anne Schiavone, MO Bar# 49349
**Holman Schiavone, LLC**
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
(816) 283-8738 Telephone
(816) 283-8739 Facsimile
kmannion@hslawllc.com
aschiavone@hslawllc.com
ATTORNEYS FOR PLAINTIFF